Arthur D. Brennan, J.
The petitioners in this article 78 proceeding apply for an order annulling and setting aside a certain resolution adopted by the Town Board of the Town of Bye on January 21, 1958 which revoked a prior resolution of said board, adopted September 8, 1956, wherein a special us© permit was granted to the petitioner, Country Bidge Club, Inc., fallowing it to operate a nonprofit membership country club on certain premises leased by it and located in said town.
It appears .that in June of 1956, Country Bidge Club, Inc., applied for !a special use permit (on property which it leased) for permission to conduct a country club with the usual accessory uses and facilities incidental thereto. Pursuant to the provisions of the zoning ordinance, the Town Board referred this application to the planning board. On July 25, 1956, the planning board recommended the issuance of the' special use permit upon six conditions to be complied with. Generally, these conditions related to and called for certain buffer landscaping, the location and screening of the parking area, the road layout, connections to be made from habitable structures to the sanitary sewer system and from swimming and other pools to storm water drainage, and also for the preparation of plans relating to the foregoing as well as to the locations of existing and contemplated buildings, structures, play areas and general lighting; said plans were to be approved by the planning board. On September 8, 1956, after due notice and a public hearing thereon called pursuant to the provisions of said zoning ordinance, the Town Board issued the aforesaid permit subject to the aforesaid conditions recommended by the planning board and subject also to a further condition that the privilege of membership be extended to all persons who resided in the *107 community. Thereafter and pursuant to said conditions, plans were submitted which were approved by the planning board ■subject to six additional requirements including drawings showing the same. Additional plans were then submitted and on August 5, 1957, the planning board again requested further plans which would set forth and show the proposed compliance with new and additional requirements then further imposed by said board.
On October 16, 1957, without any prior notice to the petitioners and based solely upon the statement that ‘ ‘ until the validity of said permit has been clarified by the town board ’ ’, said board ordered the permittee to cease all operations and activities in connection with the special permit until notified “ that the said permit is in order ”. Between the time of the issuance of the aforesaid special use permit and the latter date, the petitioners had expended upwards of approximately $8,000 in partial compliance with the original conditions attached to the said permit by the planning board as well as some of the additional requirements imposed by said board. As a result of the aforesaid restraining order issued by the Town Board, the petitioners were prevented from completing the remaining conditions and requirements promulgated by the planning board. Thereafter 'an additional set of plans was submitted to the planning board ¡and at its meeting on January 2,1958, it adopted a resolution approving these plans subject to nine additional requirements and further by said resolution, the said board approved the plan, dated August 10, 1957 revised to December 22, 1957, but which latter approval was made subject to nine other requirements.
It should be noted that the record before this court is indeed quite clear that the petitioners fully and completely co-operated in all respects with the town officials and that they sought to expeditiously comply with each of the innumerable conditions and requirements imposed by the town and planning boards.
On January 21, 1958, without prior notice to all persons or parties who received notice of the original application for the permit, without holding a public hearing thereon, and without the presentation of any evidence whatsoever that the permittee had failed to diligently proceed with the compliance of the conditions on which the special permit was granted, the Town Board passed a resolution revoking the permit.
It is this court’s view that under all of the circumstances presented, the Town Board was without authority to revoke the aforesaid special use permit. In issuing the subject permit, *108 the Town Board acted as a quasi-judicial body. And where, as here, a special use permit has been granted, such a body may not effect a review or rescission of its own prior determination, except upon due notice given to all parties in interest, a public hearing thereon and a presentation of new evidence or additional facts which adequately support and justify a finding that the permittee has failed to act in good faith and has failed, within a reasonable time, to proceed with the fulfillment of the conditions and requirements originally imposed by the board on the granting of the permit. (See Matter of Narragansett Inn v. Mielke, 134 N. Y. S. 2d 363 and case cited therein.) Upon the present record before this court, it is not only clear that these last-mentioned prerequisites are entirely lacking, but in addition, it is also clear that the evidence in this case does not justify a finding of the nature indicated.
Accordingly, the petition is granted 'and the resolution of the Town Board, adopted on January 21, 1958, is declared void and is 'annulled, but without costs.
The foregoing constitutes the decision of this court pursuant to section 440 of the Civil Practice Act.
Settle order on notice. All exhibits in this proceeding may be obtained from the clerk of Special Term, Part II.